Filed 6/1/23  P. v. Hernandez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083781, F083789 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. F20903811, F20905350) |
| LUIS MANUEL HERNANDEZ, | |
| Defendant and Appellant. | **OPINION** |

### <u>THE COURT</u>\*

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Richard M. Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari R. Mueller, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

Defendant Luis Manuel Hernandez pled no contest to one count of burglary in Fresno County Superior Court case No. F20903811[1] and one count of burglary in case No. F20905350. The trial court sentenced defendant to the upper term of three years in case No. F20903811 and a consecutive term of eight months in case No. F20905350, to be served locally. On appeal, defendant contends that (1) his sentence must be vacated, and the case remanded for resentencing because the trial court failed to apply Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code section 1170, subdivision (b),[2] and (2) the trial court abused its discretion in refusing to impose a split sentence. The People respond that the failure to retroactively apply Senate Bill 567 was harmless and the court properly exercised its discretion in refusing to impose a split sentence. We vacate defendant's sentence and remand for resentencing consistent with the requirements of Senate Bill 567.

## PROCEDURAL SUMMARY

On June 17, 2020, the Fresno County District Attorney filed a complaint in case No. F20903811 charging defendant with second degree burglary (§§ 459, 460; count 2).[3] As to count 2, the complaint alleged that defendant engaged in looting (§ 463, subd. (a)).

On August 12, 2020, the Fresno County District Attorney filed a complaint in case No. F20905350 charging defendant with second degree burglary (§§ 459, 460; count 1). As to count 1, the complaint alleged that defendant engaged in looting (§ 463, subd. (a)).

---

[1]  Further references to case number refer to the Fresno County Superior Court case number. This court ordered case Nos. F20903811 and F20905350 consolidated on appeal.

[2]  All statutory references are to the Penal Code.

[3]  The complaint also charged a codefendant with second degree burglary and looting in count 1.

2.

On December 16, 2020, defendant pled no contest to the counts in both cases pursuant to negotiated plea agreements.[4]  The looting allegations were dismissed on the People's motion.  The plea agreements both provided that defendant would serve no initial state prison time and would be released from custody on the date of entry of the plea on a *Cruz* waiver, whereby he would be free from custody until the date of his sentencing.[5]  Neither plea agreement provided for a set period of local custody; both plea agreements explained that defendant could receive a maximum sentence of three years.

On January 27, 2021, defendant failed to appear for his sentencing hearing on both matters and bench warrants were issued in both matters.

On December 20, 2021, the trial court sentenced defendant to an aggregate term of three years eight months in local custody as follows:  on count 2 of case No. F20903811, three years (the upper term); and on count 1 of case No. F20905350, eight months (one-third the middle term) consecutive to the sentence on count 2 of case No. F20903811.  The court imposed the sentence as a straight sentence rather than a split sentence pursuant to section 1170, subdivision (h)(5)(B).

On January 12, 2022, defendant filed a notice of appeal in both cases.

## FACTUAL SUMMARY[6]

### Case No. F20903811

On April 18, 2020, defendant and one other person broke into a warehouse.  The two went through several bins of property inside the warehouse and a company truck parked inside of the warehouse.

---

**4**  Defendant did not admit a factual basis for his plea.  Instead, he stipulated, pursuant to *People v. West* (1970) 3 Cal.3d 595, that if the court reviewed the police reports for both cases it would find a factual basis for the pleas.

**5**  *People v. Cruz* (1988) 44 Cal.3d 1247.

**6**  Because defendant did not admit a factual basis for the offense, we base our factual summary on the probation officer's report.

**Case No. F20905350**

On June 13, 2020, defendant used a cement cinder block to break a glass door to a business. He entered the business and took two 2-liter bottles of soda and what appeared to be a loaf of bread. He then fled the area on a bicycle.

## DISCUSSION

### I. Senate Bill 567

Defendant contends that we must vacate the sentence and remand the matter because he did not admit, and no jury found true, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term. The People agree that Senate Bill 567 applies retroactively to defendant and the court's imposition of an upper-term sentence is not in compliance with the requirements of section 1170, subdivision (b) as modified by Senate Bill 567, because none of the aggravating circumstances were found true by the jury or admitted by defendant, and the record contains no indication the court relied upon any certified record of convictions. However, the People argue that the issue is moot and the error was harmless. We disagree in both respects.

#### A. Mootness

The People argue that defendant's claim is moot because he has served his three-year sentence on count 2 of case No. F20903811. We disagree.

"A criminal case should not be considered moot where a defendant has completed a sentence where … the sentence may have 'disadvantageous collateral consequences.' " (*People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369.) In this case, defendant may suffer disadvantageous collateral consequences from his sentence. Moreover, defendant has not completed his entire sentence on this case; he remains subject to incarceration on his consecutive term of eight months on count 1 in case No. F20905350. Even if the issue was technically moot, we would exercise our discretion to reach the issue. (See *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203

4.

Cal.App.4th 852, 867 [general rule regarding mootness is tempered by a court's discretionary authority to decide moot issues].)

### B. Additional Background

At the December 20, 2021 sentencing hearing, the trial court found true the following circumstances in aggravation:

> "[Defendant's] prior convictions as an adult are numerous and of increasing seriousness. He has served a prior prison term. He was on probation at the time this crime was committed. And his performance on probation has been unsatisfactory."

The trial court further found in mitigation that defendant "acknowledged wrong doing at an early stage of the criminal process." Based on those circumstances, the court imposed the upper term of three years on count 2 of case No. F20903811.

In imposing the sentence, the trial court also emphasized when imposing a straight sentence rather than a split sentence, that defendant was on probation at the time the offenses were committed.

Defendant did not admit, and no jury found true, any of the aggravating circumstances. It does not appear from the record that the trial court had before it any certified record of prior convictions. The court appears to have drawn its conclusions on those aggravating circumstances exclusively from the probation officer's report.

The probation officer's report detailed that defendant had suffered a total of seven prior convictions: First and second, defendant suffered misdemeanor convictions for hit and run with property damage and driving under the influence of alcohol with disposition dates of July 25, 2012, for which he was granted a conditional sentence that included a jail term, a term of probation, and a referral to the adult offender work program (AOWP) that he had the option to complete in lieu of jail. Defendant twice violated probation (in 2017 and 2019) and failed to report either to jail or the AOWP. Third, he suffered a felony conviction for carrying a concealed dirk or dagger with a disposition date of June 11, 2018, which resulted in a two-year grant of formal probation.

5.

Defendant violated that probation (in 2019) and was sentenced to one year four months in local prison. Fourth, defendant suffered a misdemeanor conviction for vandalism with a disposition date of March 26, 2019, resulting in a 364-day jail term. Both 2019 violations of probation were based on the March 2019 conviction. Fifth, defendant suffered a felony conviction for carrying a concealed dirk or dagger with a disposition date of November 20, 2018, for which he was sentenced to one year four months in local prison. Sixth, he suffered a misdemeanor conviction for trespassing with a disposition date of November 18, 2019, resulting in a nine-day jail term. And seventh, defendant suffered a misdemeanor conviction for intimate partner battery with a disposition date of November 3, 2020 (after the events at issue in this case), for which he was granted a three-year term of formal misdemeanor probation. The probation officer noted that "defendant's prior criminal record [w]as obtained from a local record check and as provided by the … Federal Bureau of Investigation, California Identification and Investigation Bureau[,] and California Department of Motor Vehicles[.]"

Despite recommending that the trial court find true that "defendant was on probation or parole when the crime was committed," it does not appear from the probation officer's report that defendant was actually on probation at the time that the offenses were committed. Indeed, the probation officer comments in the conclusion of the report that "defendant is currently on a grant of formal misdemeanor probation; however, the instant offenses are not a violation in that matter as they predate his grant of probation."

### C. Retroactivity

As a threshold matter, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]), and defendant's sentence is not yet final

on appeal.  The parties agree that Senate Bill 567 is retroactive and that defendant's sentence is not yet final on appeal.

### D. Analysis

From March 30, 2007, to December 31, 2021, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court."  (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.)  Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

In this case, defendant did not stipulate to any aggravating circumstances, no jury was empaneled to make findings regarding the aggravating circumstances, and the record does not indicate that the trial court had before it a certified record of defendant's prior convictions.  The probation report was not a certified record of prior convictions, so the court was not permitted to rely on that report to find true that defendant had suffered numerous prior convictions.  (See *People v. Dunn* (2022) 81 Cal.App.5th 394, 404 (*Dunn*).)  As a result, none of the aggravating circumstances relied upon by the court were proved in compliance with amended section 1170, subdivision (b).

Despite none of the aggravating circumstances having been proved in compliance with section 1170, subdivision (b)(2) and (3), the upper term was imposed on count 2 of

case No. F20903811.  Imposition of the upper term on count 2 of case No. F20903811 was not in compliance with section 1170, subdivision (b).  Therefore, unless imposition of the upper term was harmless, the sentence must be vacated and the matter remanded to the trial court for resentencing in compliance with section 1170, subdivision (b).

The People contend that any error is harmless because all the aggravating circumstances were provable to a jury beyond a reasonable doubt.  We disagree.

In *Dunn*, this court recently articulated a standard for harmless error in the Senate Bill 567 context:

> "The reviewing court determines (1)(a) beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt[7] and (1)(b) whether there is a reasonable probability that the jury would have found any remaining aggravating circumstance(s) true beyond a reasonable doubt.  If all aggravating circumstances relied upon by the trial court would have been proved to the respective standards, any error was harmless.  If not, the reviewing court moves to the second step of [*People v.*] *Lopez* [(2022) 78 Cal.App.5th 459], (2) whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances provable from the record as determined in the prior steps.  If the answer is no, the error was harmless.  If the answer is yes, the reviewing court vacates the sentence and remands for resentencing consistent with section 1170, subdivision (b)." (*Dunn*, *supra*, 81 Cal.App.5th at pp. 409–410.)

We acknowledge that some courts have disagreed with step 2 of the analysis in *Dunn*.  (E.g., *People v. Lewis* (2023) 88 Cal.App.5th 1125.)  Rather than applying the "reasonable probability" standard of *People v. Watson* (1956) 46 Cal.2d 818, *Lewis*

---

**7**    "Alternatively, this step is satisfied if the trial court relied upon an aggravating circumstance that relied only upon the fact of defendant's prior convictions and a certified record of defendant's convictions was admitted, or defendant admitted the facts underlying an aggravating circumstance.  [¶]  [S]tep (1)(a) or one of its two alternatives must be satisfied to avoid offending the Sixth Amendment .…  If not, the error is not harmless; the sentence must be vacated and the matter remanded to the trial court for resentencing consistent with section 1170, subdivision (b)." (*Dunn*, *supra*, 81 Cal.App.5th at p. 410, fn. 13.)

applied the standard from *People v. Gutierrez* (2014) 58 Cal.4th 1354—whether "the record clearly indicates that the trial court would have imposed the same sentence under the new law." (*Lewis*, at p. 1135, citing *Gutierrez*, at p. 1390.) We need not resolve that dispute in this case because the outcome is the same under either standard. With both standards in mind, we revisit the aggravating circumstances relied upon by the trial court.

We begin by noting at least one of the circumstances in aggravation found true by the court and recommended by the probation officer was unsupported by the probation officer's report. Namely, defendant does not appear to have been on probation or parole on the dates that he committed the offenses at bar. Rather, he was granted misdemeanor probation on November 3, 2020—after the April 18, 2020, and June 13, 2020 offense dates in this case.[8] We have no confidence that a jury would have found that circumstance in aggravation true under any standard of proof.

Next, the trial court found that defendant's "prior convictions as an adult [were] numerous *and* of increasing seriousness." (Emphasis added.) Defendant and his counsel were provided a copy of the probation officer's report. (See § 1203d.) That document reflected that defendant had suffered seven prior convictions. The probation report further reflects that the information regarding defendant's criminal history was obtained from the Federal Bureau of Investigation, the California Identification and Investigation Bureau, and the Department of Motor Vehicles. When given the opportunity to comment at sentencing, neither defendant nor his counsel objected to the probation report's recitation of defendant's prior convictions. Even if we could conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt those prior convictions from admissible documents from the sources relied upon by the probation officer, it is not clear to us that a jury would have found beyond a reasonable doubt that the convictions were of increasing seriousness. Defendant's convictions from 2012 to

---

[8]     Defendant identified that error in his opening brief, but the People did not respond.

2020 progressed as follows: misdemeanor driving under the influence with property damage in 2012, two felony counts of carrying a concealed dirk or dagger in 2018, misdemeanor vandalism and trespass in 2019, and misdemeanor battery of a cohabitant in 2020. Whether defendant committed progressively more serious offenses is not obvious. Indeed, the three prior offenses committed most recently before defendant's sentencing were misdemeanor offenses.

As to whether defendant had served a prior prison term, there can be little doubt. As the probation officer's report indicates, defendant was sentenced to two terms of local prison on November 20, 2018, and March 26, 2019. As noted above, the probation officer's summary of defendant's criminal convictions was based on the Federal Bureau of Investigation database and the California Identification and Investigation Bureau, among others. Admissible documents establishing defendant had served a prior prison term were readily available. Moreover, there is no logical reason that defendant and his counsel would not have challenged the accuracy of his prior prison commitment if not true. If that information was incorrect, defendant could have proved that it was untrue with relative ease. We therefore conclude beyond a reasonable doubt that the jury would have found true beyond a reasonable doubt that defendant had served a prior prison term.

Finally, as to defendant's unsatisfactory prior performance on probation, the trial court found at the same hearing where defendant's sentence was imposed in this case that defendant had violated probation with respect to the probation granted on November 3, 2020, by failing to appear for required court appearances. The probation officer's report further detailed that defendant had violated probation three additional times. Two of those violations appear to have been based on commission of the vandalism offense with a disposition date of March 26, 2019. Because defendant appears to have repeatedly violated probation by committing new offenses resulting in revocation of probation, there is no reasonable probability that a jury would not have concluded beyond a reasonable doubt that defendant's prior performance on probation had been unsatisfactory.

In short, we cannot conclude that a jury would have found true beyond a reasonable doubt that defendant was on probation at the time that he committed the offenses in this case or that defendant's prior convictions were of increasing seriousness. We must therefore determine whether, in absence of those aggravating circumstances, there is a reasonable probability that the trial court would have imposed a lesser term.

Here, the trial court found true one mitigating circumstance and did not emphasize any aggravating circumstance above any other in imposing the upper term. However, in imposing a straight sentence rather than a split sentence, the court emphasized that defendant was "on probation at the time[ crimes at issue in this case] were committed or at the time the misdemeanor was committed that I dismissed."[9] Because the court appeared to give additional weight to defendant having been on probation at the time of the commission of the offenses, because we cannot conclude that a jury would have found true beyond a reasonable doubt that defendant was on probation at the time of the commission of the offenses or that defendant's offenses were of increasing seriousness, and because the court found true a circumstance in mitigation, we cannot find that the record clearly indicates that the court would have imposed the same sentence or that there is no reasonable probability that the court would not have imposed a lesser sentence had it relied only upon the aggravating circumstances that were provable beyond a reasonable doubt. (*People v. Lewis*, *supra*, 88 Cal.App.5th at p. 1135; *Dunn*, *supra*, 81 Cal.App.5th at pp. 409–410.) For that reason, we vacate defendant's sentence and remand to the trial court for resentencing.[10]

---

**9** At sentencing, defendant also faced misdemeanor charges for possession of methamphetamine and drug paraphernalia in a different matter which the trial court dismissed in light of the violation of the probation granted on November 3, 2020.

**10** We note that neither the plea agreement nor the *Cruz* waiver indicated that the upper term *would be* imposed if defendant violated the *Cruz* waiver. In taking defendant's plea, the trial court explained to defendant that if he violated the *Cruz* waiver "all bets are off. The [c]ourt can sentence you *up to the maximum* and you won't be allowed to withdraw your plea." (Italics added.) This is not a situation in which the trial

## II.  Split Sentence

Because we vacate defendant's sentence and remand the matter for resentencing pursuant to Senate Bill 567, we need not determine whether the trial court erred in denying defendant a split sentence.

**DISPOSITION**

Defendant's sentence is vacated and the matter is remanded for resentencing consistent with Senate Bill 567.  In all other respects, the judgment is affirmed.

---

court simply imposed the stipulated sentence set out in the plea agreement without exercising sentencing discretion.  (Cf. *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341 [when a sentencing court imposes the stipulated sentence set out in a negotiated plea agreement, it does not exercise sentencing discretion and the requirements of section 1170, subdivision (b) are therefore inapplicable].)  The trial court's imposition of sentence in this case involved an exercise of discretion and is therefore subject to the requirements of section 1170, subdivision (b).